JO AND FRANK SEARLS *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—223.]

**Felonious Intent in Larceny.**

> There can be no evidence of a felonious intent on the part of
> one who took and removed logs under the belief that as part owner
> he had a right to take them, and where such logs are in the pos-
> session of the sheriff, who has announced that he has no intention
> of having them appraised, such possession will not deprive the
> owners of the right to remove the logs.

APPEAL FROM MARSHALL CIRCUIT COURT.

September 10, 1885.

OPINION BY JUDGE PRYOR:

It is insisted by the attorney for the state that the appellants had
notice not only of the levy but the further notice that they would
be prosecuted if they moved the raft, and regardless of this warning
the raft was moved and the appellants have been convicted of
larceny for that wrongful act and sentenced to confinement in the
state prison. It certainly can not be maintained that every such
trespass constitutes larceny in the wrong-doer, and the appellants
being joint owners of the property, no doubt, intended to dispose of
the raft for their own benefit. If the possession of the sheriff for
the mere purpose of appraisement divested the joint owners of the
property, who were in no manner liable for the executions that had
been levied of the possession so as to enable him to maintain tres-
pass against them, is a question not necessary to be determined in
this case. Still it is evident that there was no evidence of any felon-
ious intent on the part of appellants in the taking of the logs but an
assertion of right to the property that they believed they could
exercise without the consent of the sheriff. Nor did the sheriff
have such a possession when he had announced his purpose not to
have the property appraised, as deprived the joint owners of the
right to remove it. The Code of Practice expressly provides that
the sheriff shall not in such a case deprive the joint owner of the
possession, except for the purpose of having the property inven-
toried and appraised.

A nolle prosequi should have been entered by the state, as neither

the law nor the facts authorize the conviction. Judgment reversed and remanded for a new trial in conformity with this opinion.

Judgment *reversed.*

*Gilbert and Reed, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Triplett v. Commonwealth,* 122 Ky. 35, 28 Ky. L. 976, 91 S. W. 281.]